**Miguel Angel OLIVA ALVAREZ, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–72687.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2005.*

Decided Sept. 19, 2005.

R.App. P. 34(a)(2).

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

**654**

Tim Everett, Esq., Law Office of Tim Everett, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Linda S. Wendtland, Esq., Elizabeth J. Stevens, Esq., DOJ—U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: REINHARDT, RYMER, and HAWKINS, Circuit Judges.

### MEMORANDUM **

Miguel Angel Oliva Alvarez, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") order denying his application for asylum. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, *see Ramos–Vasquez v. INS*, 57 F.3d 857, 861 (9th Cir.1995), and we deny the petition.

■ Substantial evidence supports the BIA's conclusion that Oliva Alvarez did not establish persecution based on a statutorily enumerated ground. In *Elias–Zacarias v. INS*, 502 U.S. 478, 482, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), the Supreme Court held that a guerilla organization's attempt to forcibly recruit a person into service does not constitute persecution on account of political opinion. Oliva Alvarez's attempt to distinguish his case from *Elias–Zacarias* by arguing that his neutrality constituted a political opinion is unavailing, as there is nothing in the record to compel the conclusion that Oliva Alvarez was a target for recruitment because of his neutral political opinion. *Id.* at 483, 112 S.Ct. 812.

■ The BIA's conclusion that Oliva Alvarez does not have a well-founded fear of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

persecution should he return to Guatemala is also supported by substantial evidence. The documents submitted as evidence support the IJ's determination that country conditions in Guatemala have changed considerably since the end of the country's civil war and the peace accord with the guerillas, signed in 1996. The record does not compel the conclusion that Oliva Alvarez has an objective fear of persecution in that he is unable to demonstrate that the current instability and violence in Guatemala will be directed at him personally on the basis of his political opinion. *See Melecio–Saquil v. Ashcroft,* 337 F.3d 983, 987 (9th Cir.2003).

The voluntary departure period was stayed, and that stay will expire upon issuance of the mandate. *See Desta v. Ashcroft,* 365 F.3d 741, 750 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**